IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COMPRESSION LABS, INC., § § *Plaintiff*, § § v. § Civil Action No. 2:05-CV-156 (Folsom) § MICROSOFT CORPORATION, § § *Defendant.* § | |

## DEFENDANT MICROSOFT CORPORATION'S
## MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER

Faced with continued and escalating charges of patent infringement, on April 15, 2005, Microsoft Corporation ("Microsoft") filed a declaratory judgment action in the United States District Court for the Northern District of California[1] against plaintiff Compression Labs, Inc. ("CLI") and its alter-ego parent corporation, Forgent Networks, Inc. ("Forgent"), seeking relief from the unfounded charges. CLI retaliated with this lawsuit, filed just six days later. Despite years of allegations against Microsoft and litigation against Microsoft's customers, CLI had not sued Microsoft before being sued. CLI's filing of this case violates the first-to-file rule and represents a blatant attempt at forum shopping. This action should be dismissed, or transferred to California for consolidation with Microsoft's first-filed lawsuit.[2]

---

[1] *Microsoft Corporation v. Compression Labs, Inc., et al*, No. C 05-01567 WHA (N.D. Cal.) ("the California Action").

[2] In response to a "tag along" notice, the Judicial Panel on Multi-District Litigation issued a conditional transfer order on May 24, 2005, indicating its intent to transfer this case to the Northern District of California for consolidation with the other cases grouped in MDL-1654. Further, although this Motion is founded upon the first-to-file rule followed by the Fifth Circuit and the Ninth Circuit, Microsoft expressly reserves the right to file a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

I.  **BACKGROUND**

A.  **CLI and Forgent Pursued Delay Tactics in Suing Microsoft**

Since 2002, CLI and Forgent have engaged in a broad campaign seeking to force all users of still image encoding and rendering software and hardware operating under the JPEG[3] standard to take a license and pay royalties under United States Patent 4,698,672 ("the '672 Patent"). In addition to contacting untold numbers of companies, including Microsoft, with allegations of infringement, CLI and Forgent filed a number of lawsuits against dozens of companies.

Among the many companies that CLI sued in 2004 were several of Microsoft's customers. Although CLI did not sue Microsoft, CLI contends in those cases that Microsoft's customers infringe the '672 patent based in part on their use and/or sale of products that include Microsoft software. Some of Microsoft's customers have made indemnity claims against Microsoft relating to CLI's infringement allegations.

CLI's infringement allegations against Microsoft's customers demonstrate that CLI has believed that products using Microsoft software infringe the '672 Patent since at least April of 2004. In its lawsuits against Microsoft's customers, CLI accused products using the same Microsoft software at issue in both the first-filed California Action and this lawsuit.[4] Indeed, CLI appears to have been fully aware of Microsoft's software since at least 2002 when CLI and Forgent first embarked upon their enforcement campaign.

Notwithstanding the many lawsuits against Microsoft customers, CLI and Forgent continued to threaten Microsoft directly. For instance, as recently as March 11, 2005, counsel for CLI advised:

---

[3] JPEG is a common still picture compression technique.
[4] CLI has sued at least the following Microsoft customers: Apple Computer, Dell, Inc., Fujitsu USA Incorporated, Gateway, Inc., Hewlett-Packard Company, and International Business Machines Corporation. *See* Exhibit A, Microsoft Corporation's Complaint and Demand for Jury Trial in Northern District of California, at ¶ 4.

2

> CLI has contacted you several times regarding your need to obtain a license under the '672 patent, and to compensate CLI for your use of JPEG encoding and decoding technology covered by the '672 patent. ... If you fail to commence meaningful negotiations for a license under the '672 Patent within twenty days from the date of this letter, CLI will withdraw its offer to license the '672 patent.
>
> You should also be aware that over 40 companies have been sued for infringement of the '672 patent ...[5]

Yet, despite these facts, CLI still did not sue Microsoft until after Microsoft filed a declaratory judgment action seeking to challenge CLI and Forgent's infringement allegations. CLI instead chose to use its infringement suits against Microsoft's customers as negotiating leverage to extract license royalties from Microsoft. Faced with these tactics, Microsoft filed its declaratory judgment action in California to set to rest CLI and Forgent's baseless allegations related to Microsoft software.

### B.    California is the appropriate forum for this dispute

CLI and Forgent have attempted to enforce this patent by contacting and meeting with parties all over the country, including Microsoft customers in the Northern District of California. CLI's and Forgent's actions correspondingly spawned declaratory judgment actions in California, where Forgent is licensed to do business, and in Delaware, where both CLI and Forgent are incorporated, by companies seeking, as Microsoft did, to challenge the unfounded infringement charges. Prior to Microsoft, both Sun Microsystems and Google had filed declaratory judgment actions in the Northern District of California. By January of this year, nine separate infringement and declaratory judgment actions were pending in three different districts around the country.[6]

---

[5] *See* Exhibit B, 3/11/05 Letter from Monte M. Bond to Bill Harmon.
[6] Pending in the Northern District of California are: (1) Sun Microsystems, Inc. v. Compression Labs, Inc.; and (2) Google, Inc. v. Compression Labs, Inc., *et al.* Pending in the District of Delaware are: (3) Agfa Corp., *et al.* v.

*(Footnote continued)*

Responding to this jumble of cases, the practicalities of the many parties involved, and the need for uniform decisions regarding the '672 patent, the Judicial Panel on Multidistrict Litigation transferred all of the cases to the Northern District of California for pre-trial proceedings.[7] The transferred cases were assigned under docket MDL-1654 to Judge Hamilton, the judge previously handling the Sun Microsystems and Google declaratory judgment actions in California.

Consistent with the actions and reasoning of the Judicial Panel, Microsoft thereafter filed its declaratory judgment action in California, which promised the minimum of delay in coordinating with the other cases. Upon stipulated motion and pursuant to California Local Rules and the Rules of Procedure of the Judicial Panel, Microsoft's declaratory judgment action also was transferred to Judge Hamilton. Judge Hamilton thereupon recused herself from hearing the Microsoft California Action, causing it to be reassigned to another Northern District of California judge, Judge Alsup. (However, Microsoft expects that its case will still be coordinated within the Northern District with the MDL actions pending there.)

Although CLI agreed that Microsoft's California declaratory judgment should be combined with the pending proceedings in California, CLI still filed this lawsuit in Texas. In accordance with Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Microsoft accordingly filed a Notice of Tag-Along Action with the MDL Panel on May 10, 2005, advising that CLI had filed this case.[8] On May 24, 2005, the Judicial Panel issued a conditional transfer order transferring this case to the Northern District of California for

---

Compression Labs, Inc., *et al.*; (4) Yahoo, Inc. v. Compression Labs, Inc., *et al.*; and (5) Audiovox Corporation, *et al.* v. Compression Labs, Inc., *et al.* Pending in the Eastern District of Texas are: (6) CLI v. Adobe Systems Incorporated, *et al.*; (7) CLI v. Dell, Inc., *et al.*; (8) Compression Labs, Inc. v. Acer America Corporation, *et al.*; and (9) Compression Labs, Inc. v. Creo, Inc., *et al.*
[7] See, Exhibit C, February 16, 2005 Transfer Order.
[8] *See* Exhibit D, Notice of Tag-Along Action, filed May 10, 2005, with the MDL Panel.

consolidation with the existing MDL-1654 proceedings.[9] This result is completely consistent with the advice provided by CLI and Forgent's counsel in their March 11 letter to Microsoft:

> The filing of any additional civil action involving the issues of infringement and validity of the '672 patent will be transferred to the court presiding over MDL 1654 as a "tag along action" for co-ordinated pretrial proceedings.

Considering these facts, Microsoft's filing in California was both reasonable and promised to minimize the excess expenditure of judicial resources. CLI's filing in this Court, in contrast, appears to be solely an attempt at forum shopping.

## II.   THIS CASE SHOULD BE DISMISSED, OR TRANSFERRED, IN FAVOR OF THE FIRST-FILED CALIFORNIA ACTION

The "first-to-file" rule is a generally recognized doctrine that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.[10] Both the Fifth Circuit and the Ninth Circuit (in which the first action was filed) have a long history of applying the first-to-file rule.[11] Applying the first-to-file rule here requires dismissing this case, or in the alternative, transferring it, in favor of Microsoft's earlier-filed California case. CLI should never have filed this duplicative, derivative action, and no reason exists to continue it.

### A.   The First-To-File Rule Applies, Thus The Present Action Should Be Dismissed, Or Transferred, In Favor Of The California Action

Whenever two actions involve substantially the same parties and substantially the same issues, the first-to-file rule dictates that the first-filed of those actions takes precedence and the

---

[9] See Exhibit E, May 24, 2005 Conditional Transfer Order.
[10] See, e.g., *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952). See also *Rickey Land & Cattle Co. v. Miller & Lux*, 218 U.S. 258, 262 (1910) ("We are of the opinion, therefore, that there was concurrent jurisdiction in the two courts, and that the substantive issues in the ... suits were so far the same that the court first seized should proceed ... without interference.").
[11] See, e.g., *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) ("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case."); *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("We emphasize that
*(Footnote continued)*

court hearing the first-filed case decides how the cases should proceed.[12] Logically, this is especially true where the actions are mirror images of one-another and the second-filed case was filed in response to the first-filed case.

Once the Court determines that the actions are duplicative or substantially similar, then the Court should dismiss this case or transfer it to the Northern District of California. "[T]he rule is that the court first seized of jurisdiction over a dispute should be permitted to adjudicate that controversy fully."[13] The California court can then determine how and where the dispute should proceed, eliminating the possibility of inconsistent determinations on that issue and the corresponding inefficient use of judicial resources resulting from the co-pendency of two lawsuits addressing the same dispute.[14]

### 1. *The California Action and the Texas Action involve the same parties, the same patent, and the same software.*

The first-filed California Action and the second-filed Texas Action are "mirror images" of the same dispute. "[A]ll that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative."[15] Here, the two co-pending actions are for all practical purposes the same case, and, if not, after Microsoft's counterclaims will be identical; thus it would be duplicative and wasteful for both courts to proceed:

- Both the first-filed California Action and the second-filed Texas Action involve virtually the same parties, the only difference is that CLI's parent and alter ego

---

the 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly.").
[12] *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex. 1993).
[13] *Id.* at 999.
[14] *Datamize, Inc. v. Fidelity Brokerage Services, LLC*, No. 2:03-CV-321 DF, slip op. at 4-5 (E.D. Tex. Apr. 22, 2004) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999)).
[15] *Id.*

company – Forgent Networks, Inc. – is also a defendant in the California Action only;

- Both the first-filed California Action and the second-filed Texas Action rest upon the '672 Patent, and whether it is valid, enforceable, and/or infringed; and

- Both the first-filed California Action and the second-filed Texas Action involve the same Microsoft software.

Microsoft's California Action seeks, *inter alia*, a declaratory judgment of noninfringement, a declaratory judgment of invalidity, and a declaratory judgment of unenforceability of the '672 Patent.[16] In its later-filed Texas Action, CLI accuses Microsoft of infringing the '672 Patent.[17] Although Microsoft has not yet filed an Answer or Counterclaim to CLI's later-filed case, Microsoft would assert the same noninfringement, invalidity, and unenforceability defenses.

There can be no question that only one court should decide the subject matter of both cases.

### 2. *The Northern District of California, as the first-filed court, should determine which case will proceed.*

Given the substantial similarity of the two actions, the Northern District of California, as the first-filed court, should determine which case should proceed. As repeatedly noted by the Fifth Circuit and the Ninth Circuit, "the rule is that the court first seized of jurisdiction over a dispute should be permitted to adjudicate that controversy fully."[18] "Once the likelihood of a substantial overlap between the two suits has been demonstrated, it [is] no longer up to the

---

[16] *See* Exhibit A, Microsoft Corporation's Complaint and Demand for Jury Trial, filed April 15, 2005, in the Northern District of California. In its Amended Complaint, Microsoft adds counts for fraud and negligent misrepresentation.

[17] *See* Exhibit F, Compression Labs, Inc.'s Complaint, filed April 21, 2005, in the Eastern District of Texas.

[second-filed court] to resolve the question of whether both should be allowed to proceed."[19] Instead, the first-filed court is given the authority to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.[20]

The Northern District of California is indisputably the first-filed court. Microsoft filed the California Action on April 15, 2005, prompting CLI to file the Texas Action six days later, on April 21, 2005.

Both prerequisites for application of the first-to-file rule are satisfied – the issues substantially overlap and this Court is not the first-filed court. As a result, this action should be dismissed, or transferred, in favor of the California Action.

### B.   No Compelling Circumstances Exist To Justify Disregarding The First-To-File Rule

As explained above, the first-filed court determines which case should proceed, including considering any "compelling circumstances" that might make the second-filed court the appropriate forum.[21] Once the Court determines that the California Action was first-filed and involves duplicative or substantially similar issues and similar parties, it should dismiss or transfer the case.

Nonetheless, CLI can point to no "compelling circumstances" to justify disregarding the first-to-file rule. Although applying the first-to-file rule is discretionary and "is not a rigid or

---

[18] *Texas Instruments*, 815 F.Supp. at 997. *See also Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982).
[19] *The Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999) (citing *Mann*, 439 F.2d at 407).
[20] *Cadle*, 174 F.3d at 606. *See also Texas Instruments*, 815 F.Supp. at 999 ("Apprehension that the first-filed court will fail to appropriately consider the convenience of the parties and the witnesses is not a proper matter for the Court's consideration. See *Kerotest*, 342 U.S. at 185 (quoting *Graham v. United States*, 231 U.S. 474, 480 (1913)). This Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role.").
[21] *See Texas Instruments*, 815 F.Supp. at 999 ("the first-to-file rule gives the first-filed court the responsibility to determine which case should proceed.").

inflexible rule to be mechanically applied,"[22] the first-to-file rule promotes efficiency and "should not be disregarded lightly."[23] More particularly, the first-to-file rule should be applied unless "compelling circumstances" exist.[24] "Compelling circumstances" justifying an exception to the first-to-file rule include situations where the first-filed action is demonstrated to have been filed in bad faith, as an anticipatory suit, and/or as an improper attempt at forum shopping.[25]

Microsoft's first-filed California Action was not an "anticipatory suit." A first-filed declaratory judgment action may be considered "anticipatory" when the declaratory plaintiff merely won a race to the courthouse. The California Action was not the result of a race to the courthouse – years passed after CLI and Forgent first pursued Microsoft and its customers on the '672 patent and nearly a year passed after CLI sued Microsoft's customers before Microsoft filed the California Action. CLI had ample opportunity to file a patent infringement suit against Microsoft but failed to do so. Clearly, CLI made a tactical decision to proceed against Microsoft's customers instead of suing Microsoft itself, apparently seeking to force Microsoft to take an unnecessary license in response to the pressure of CLI and Forgent's continued allegations coupled with pressure from Microsoft's own customers. Microsoft's lawsuit to protect its interests comports with the underlying purposes of the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201:

> "The Act was intended to provide a remedy which would 'minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting

---

[22] *Texas Instruments*, 815 F.Supp. at 997; *Church of Scientology*, 611 F.2d at 750.
[23] *Church of Scientology*, 611 F.2d at 750.
[24] *Mann*, 439 F.2d at 407.
[25] *See, e.g., Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983).

until his adversary should see fit to begin an action after the damage has accrued.'"[26]

Nor is there bad faith that might somehow provide "compelling circumstances" to disregard the first-to-file rule. Microsoft filed its declaratory judgment action only after CLI continued to make allegations against Microsoft and continued to threaten Microsoft customers. Microsoft did nothing more than act to protect its business interests, as envisioned by the Declaratory Judgment Act.

Finally, Microsoft did not engage in forum shopping, although CLI seems to have done so. Microsoft sued CLI in the same district in which the MDL action is located, in which two other declaratory judgment actions against CLI are pending, and in which Microsoft's customers are located. CLI, on the other hand, learned of Microsoft's declaratory judgment action, raced to this Court, and filed a mirror-image suit, apparently solely to lay some claim to this forum.

## III. CONCLUSION

Microsoft respectfully requests that the Court dismiss or, in the alternative, transfer, this litigation in deference to Microsoft's previously-filed action in the Northern District of California. The first-to-file rule should be applied because: (1) Microsoft filed the California Action before CLI filed the Texas Action (and after CLI delayed filing suit); (2) the accused software, the patent, and the parties substantially overlap, and indeed, are virtually identical; and (3) no "compelling circumstances" exist to justify disregarding the rule.

---

[26] *Texas Instruments*, 815 F.Supp. at 998 (quoting 10A C. Wright, A. Miller and M. Kane, Federal Practice and Procedure § 2751 at 569 (1983)). *See also Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1151-52 (S.D.N.Y. 1995) (action was not improper anticipatory filing since other party delayed filing threatened action); *Topp-Cola v. Coca-Cola Co.*, 314 F.2d 124, 125 (2nd Cir. 1963) (filing was not improper because other party "created a controversy by making ... charges, but by withholding suit, ... prevented the other party from conclusively refuting them").

Respectfully submitted,

| | |
|---|---|
| **ATTORNEYS FOR DEFENDANT**<br>**MICROSOFT CORPORATION** | /s/ James P. Bradley<br>**JAMES P. BRADLEY, ATTORNEY-IN-CHARGE**<br>Texas Bar No. 02826000<br>E-mail: jbradley@sidley.com<br>**KELLY J. KUBASTA**<br>Texas Bar. No. 24002430<br>E-mail: kkubasta@sidley.com<br>**SIDLEY AUSTIN BROWN & WOOD, L.L.P.**<br>717 North Harwood, Suite 3400<br>Dallas, Texas 75201<br>tel. 214-981-3300<br>fax 214-981-3400<br><br>**RICHARD A. CEDEROTH**<br>**DOUGLAS I. LEWIS**<br>**SIDLEY AUSTIN BROWN & WOOD, L.L.P.**<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, Illinois 60603<br>tel. 312-853-7000<br>fax 312-853-7036<br><br>**BRYAN K. ANDERSON**<br>**SIDLEY AUSTIN BROWN & WOOD, L.L.P.**<br>555 California Street, Suite 2000<br>San Francisco, CA 94104-1715<br>tel. 415-772-1200<br>fax 415-772-7400 |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule 5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 27th day of May, 2004

                                                             /s/ James P. Bradley

DA1 324374v.1